UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ARTEZ UPCHURCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16 CV 45 CDP |
| | ) |
| DAN REDINGTON,[1] | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Artez Upchurch's petition for writ of habeas corpus under 28 U.S.C. § 2254. Because all of the claims raised by Upchurch are unexhausted, I will dismiss the petition.

## Procedural History

On March 5, 2012, Upchurch pled guilty in the Circuit Court of St. Louis City, Missouri, to one count of Domestic Assault First Degree, two counts of Domestic Assault Third Degree, one count of Endangering the Welfare of a Child, and one count of Peace Disturbance. The court suspended imposition of sentence and placed Upchurch on probation for a period of two years. Upchurch's probation was revoked on November 2, 2012, whereupon the court sentenced him

---

[1] Petitioner is incarcerated at Tipton Correctional Center (TCC) in Tipton, Missouri. Because Dan Redington is warden at TCC and is petitioner's custodian, he is substituted for James Hurley as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

to a ten-year term of imprisonment on first degree domestic assault, a concurrent six-month term on peace disturbance, and three concurrent one-year terms on the remaining counts. In this federal habeas action, Upchurch challenges the probation revocation proceeding, specifically claiming: 1) that he is actually innocent of the conduct underlying the alleged violation of his probation, and 2) that the prosecutor engaged in misconduct by continuing to pursue Upchurch's probation revocation after the victim recanted her report of Upchurch's offending conduct.[2]

## Discussion

A state prisoner must exhaust available state remedies before obtaining federal habeas relief. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). This requires that the prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan,* 526 U.S. at 844; *accord Dansby v. Norris,* 682 F.3d 711, 722 (8th Cir. 2012). A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown,* 175 F.3d 1082, 1083 (8th Cir. 1999); *accord Meador v. Branson,* 688 F.3d 433, 435 (8th Cir. 2012).

---

[2] In his original petition, Upchurch challenged two separate state court judgments. (*See* Petn., ECF #1.) Under § 2254 Rule 2(e), he was ordered to file an amended petition challenging only one state court judgment. (Order, ECF #6.) On December 5, 2016, Upchurch filed his amended petition challenging only his probation revocation proceedings. That amended petition is now before me for determination. I will deny the original petition as moot.

To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Thereafter, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Here, Upchurch has not filed any Rule 91 habeas petition in any state court. Because he may still obtain relief on his claims by filing a state habeas in circuit court and then in the Missouri Court of Appeals or the Missouri Supreme Court, the claims raised in this federal habeas petition are unexhausted and should be dismissed without prejudice. *Romano*, 681 F.2d at 557. Although I have discretion to address the merits of unexhausted claims, 28 U.S.C. § 2254(b)(2), I cannot *grant* habeas relief on an unexhausted claim. *Id.* I am therefore precluded from awarding habeas relief on a petition that contains only unexhausted claims, such as the petition here.

Accordingly,

**IT IS HEREBY ORDERED** that Dan Redington is substituted for James Hurley as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Artez Upchurch's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [7] is dismissed in its entirety without prejudice for failure to exhaust available state law remedies.

**IT IS FURTHER ORDERED** that petitioner's original petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this action because petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2018.